UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, *et al.*,<br><br>    Defendants. | Case No. 18-cv-04119-SI<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 57 |

Defendants have filed an administrative motion to file under seal the entire declaration of Sergeant Jose Morales and Exhibits 1-23 to that declaration. The declaration and exhibits are filed in support of defendants' motion for summary judgment.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). The Ninth Circuit has explained:

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial

> court. Examples include when a court record might be used to gratify private spite
> or promote public scandal, to circulate libelous statements, or as sources of business
> information that might harm a litigant's competitive standing.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citations, internal quotation marks, and alterations omitted). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil L.R. 79-5(b).

Defendants assert that they have met the "compelling reason" standard because the declaration and exhibits "contain confidential information relating to the County of Santa Clara Sheriff's Office Body Worn Camera footage, surveillance video, graphic and confidential information relating to strip/contraband searches, contraband watch, and rehousing reports." Adm. Mot. at 2 (Dkt. No. 57). Mr. Rollo's declaration in support of the administrative motion to seal does not elaborate on this statement, nor does Mr. Rollo address any particular information in Sergeant Morales' declaration or the exhibits.

The Court finds that as framed, the administrative motion to seal does not set forth a compelling reason for sealing and is not narrowly tailored. Defendants do not explain why the entirety of Sergeant Morales' declaration should be filed under seal, and most if not all of the information contained in his declaration does not appear confidential. Further, the Court notes that the publicly-filed complaint alleges facts about the November 7, 2016 strip search (e.g., about digital penetration), and thus at least some of the material contained in the Morales declaration is already in the public record. Defendants also do not explain why the entirety of Exhibits 1-23 should be filed under seal, and Mr. Rollo's declaration does not specifically address any particular exhibit.

Accordingly, the Court DENIES defendants' administrative motion without prejudice to renewal. If defendants wish to file any portion of the Morales declaration and supporting exhibits under seal, defendants' administrative motion and supporting declaration shall explain, with specificity, why the material at issue is confidential. Further, the administrative motion shall be narrowly tailored so that only truly confidential information is sought to be sealed through redactions where appropriate. The Court understands that it may be difficult to "redact" video footage, and thus it may be appropriate to file under seal the entire footage of plaintiff's strip search.

Defendants may file the renewed and more narrowly tailored administrative motion to seal[1] in accordance with Civil Local Rule 79-5 and this Court's Standing Order no later than **February 5, 2020**.

**IT IS SO ORDERED**.

Dated: January 28, 2020

_____
SUSAN ILLSTON
United States District Judge

---

[1] The Court did not receive a chambers copy of the administrative motion to seal and supporting declaration. If defendants file a second administrative motion to seal, they must provide a chambers copy of the motion to the Court. *See generally* Judge Illston's Standing Order ¶ 8 (found at https://www.cand.uscourts.gov/wp-content/uploads/judges/illston-si/SI-Standing-Order.pdf).

3