UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STEWARD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, *et al.*,<br><br>Defendants. | Case No. 18-cv-04119-SI<br><br>**ORDER DIRECTING<br>SUPPLEMENTAL BRIEFING –<br>DUE BY 3PM ON FEBRUARY 28, 2020** |

Defendants' motion for summary judgment is scheduled for a hearing on March 6, 2020. Defendants' motion contends, *inter alia*, that plaintiff's federal and state law claims against defendant Graham[1] should be dismissed for failure to exhaust administrative remedies. Specifically, defendants argue that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that a prisoner exhaust available administrative remedies prior to filing suit in federal court, and defendants have submitted evidence showing that plaintiff did not file a grievance regarding the "rough ride" against defendant Graham. *See* Duran Decl. ¶¶ 8-9, Ex. 2. Plaintiff's opposition does not specifically address defendants' administrative exhaustion requirement.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under *section 1983 of this title, or any other Federal law*, by a prisoner confined in any jail, prison, or

---

[1] Plaintiff brings three causes of action against defendant Graham arising out of the alleged "rough ride": a claim under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment rights; a claim under the California Bane Act, Cal. Civ. Code section 52.1; and a claim for intentional infliction of emotional distress.

1       other correctional facility until such administrative remedies as are available are exhausted." 42
2       U.S.C. § 1997e(a) (emphasis added). The PLRA exhaustion requirement does not apply to state law
3       claims.

4       However, based upon the Court's research, there is a separate exhaustion requirement for state law claims pursuant to California law. The California Tort Claims Act, *see* Cal. Gov't Code §§ 810, *et seq*. – commonly referred to as the California Government Claims Act by the courts, *see City of Stockton v. Sup. Ct*., 42 Cal. 4th 730, 741-42 (Cal. 2007) – requires a person to present his claim to the California Victim Compensation and Government Claims Board ("Board") before he may file an action for damages against a California governmental entity or employee "for death or for injury to person or to personal property." Cal. Gov't Code § 911.2; *see* Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2. The Government Claims Act has strict time limits for filing such a claim with the Board and for filing an action in court after the rejection of such a claim. A claimant must present his claim to the Board within six months of the accrual of the cause of action. *See* Cal. Gov't Code § 911.2. Additionally, an action against a governmental entity or employee covered by the claims-presentation requirement must be filed within six months following written notice of rejection of the claim by the Board. *See* Cal. Gov't Code § 945.6(a)(1). Timely claim presentation is "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant." *California v. Superior Court* (*Bodde*), 32 Cal. 4th 1234, 1240 (Cal. 2004); *see also Harris v. Escamilla*, 736 F. App'x 618, 621-22 (9th Cir. May 24, 2018) (applying Government Claims Act requirements to Bane Act claim); *Miller v. Adonis*, Case No. 1:12-cv-00353-DAD-EPG-PC, 2019 WL 4076441, at *18 (E.D. Cal. Aug. 29, 2019) (granting summary judgment on Bane Act claim based on prisoner plaintiff's failure to comply with Government Claims Act); *see also Huapaya v. Davey*, Case No. 1:17-cv-01441-DAD-SAB (PC), 2019 WL 4033964, at *4-8 (E.D. Cal. Aug. 27, 2019) (addressing and distinguishing between administrative exhaustion under PLRA and compliance with Government Claims Act for state law claims).

///

///

The Court directs the parties to file supplemental briefs and any supporting evidence regarding whether plaintiff complied with the California Government Claims Act with regard to his state law claims against defendant Graham. The briefs shall be filed by **3 p.m. on Friday, February 28, 2020**.

**IT IS SO ORDERED**.

Dated: February 25, 2020

SUSAN ILLSTON
United States District Judge