UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STEWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SANTA CLARA, *et al.*,<br><br>　　　　　Defendants. | Case No. 18-cv-04119-SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 142 |

Now before the Court is plaintiff's motion for attorneys' fees. For the reasons set forth below, the motion is GRANTED IN PART. The Court awards plaintiff fees in the amount of $180,117.50.

## DISCUSSION

On July 11, 2018, plaintiff Aaron Steward filed a civil rights complaint alleging two causes of action under 42 U.S.C. § 1983 claiming excessive force pursuant to the Fourteenth Amendment; one cause of action under California Civil Code 52.1 ("Bane Act"); and four causes of action for intentional infliction of emotional distress ("IIED") against defendants the City of Santa Clara, Deputy Rico West, Deputy Christopher Graham, Amy Le, Richard Guerzo, Tony Alvarez, Adam Valle, and DOES 1-100. Dkt. No. 1. After summary judgment, plaintiff's claims against Deputy West, for an alleged November 7, 2016 contraband search and July 12, 2017 altercation, and Deputy Graham, for an alleged July 12, 2017 "rough ride", remained. Dkt. No. 83. The parties waived a jury trial, and the action came on for trial before the Court on April 26, 2021 through April 29, 2021.

After trial concluded, this Court found in favor of Steward on his claims against Deputy West related to the July 12, 2017 altercation, and found against Steward on his claims against West regarding the November 7, 2016 contraband search and his claims against Deputy Graham for the

1    alleged "rough ride."  With regard to the July 12, 2017 altercation, the Court found, *inter alia*, that
2    Deputy West's actions were unreasonable and that he had engaged in excessive force, that Steward
3    did not actively resist, that the testimony of West and other deputies was not credible, and that West
4    violated Steward's rights under the Fourteenth Amendment and the Bane Act.  Dkt. No. 135 at 6-9.
5    The Court also found that Steward suffered from a deep laceration above his right eye and currently
6    suffers painful headaches, and awarded $10,000 in compensatory damages and $1,000 in punitive
7    damages against West.  The Court also held, "Given plaintiff's limited success in his claims that
8    relate to his pre-trial detention against defendant Deputy West and Deputy Graham, plaintiff is
9    awarded attorneys' fees to the extent of his claims against Deputy West for the July 12, 2017
10   altercation." *Id*. at 10.

11   Plaintiff now seeks $360,235 in fees[1] and requests a 2.0 multiplier for the Bane Act claim.
12   In support of the fee request, plaintiff has submitted declarations from the lawyers and paralegals
13   who worked on the case, accompanied by their billing records, as well as a declaration from Richard
14   Pearl, an expert on attorneys' fees who opines about the reasonableness of plaintiff's counsel's
15   hourly rates.  Dkt. Nos. 141, 142, 144, 147.  Counsel state that they have made deductions to exclude
16   time spent on unsuccessful claims (approximately 78.8 hours).

17   Defendants contend that the Court should reduce the fee request by 80% on the ground that
18   many of plaintiff's claims were ultimately unsuccessful.  Defendants also argue, *inter alia*, that
19   Steward is not entitled to a multiplier (and that counsel have not segregated work attributable to the
20   Bane Act claim), that plaintiff's counsel's rates are too high, and that plaintiff's counsel overstaffed
21   the case.  Defendants contend that the Court should award no more than $30,650.

22   The Court finds it appropriate to reduce plaintiff's lodestar by 50% to account for plaintiff's
23   limited success, for a total of $180,117.50.[2]  "[T]he extent of a plaintiff's success is a crucial factor
24   in determining the proper amount of an award of attorney's fees" under § 1988."  *Hensley v.*
25   *Eckerhart*, 461 U.S. 424, 440 (1983).  Courts may, in their discretion, reduce a fee award to reflect

---

[1] Plaintiff submitted a separate bill of costs that was taxed by the Clerk.  *See* Dkt. No. 157.

[2] For the same reason, the Court finds a multiplier is not appropriate.

United States District Court
Northern District of California

1    limited success, such as when a plaintiff only prevails on some claims, or only against one of several
2    defendants. *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (district court did not abuse
3    discretion by reducing fees when plaintiff did not prevail on majority of original claims); *Webb v.*
4    *Sloan*, 330 F.3d 1158, 1169-70 (9th Cir. 2003) (finding discretionary reduction of attorneys' fees to
5    reflect limited success appropriate where plaintiff initially sued several defendants, but prevailed
6    against only one, and had claims related to plaintiff's arrest, detention, and prosecution); *Harris v.*
7    *Marhoefer*, 24 F.3d 16, 18-19 (9th Cir. 1994) (affirming district court's 50% reduction of attorneys'
8    fees in civil rights case based on plaintiff's partial success).

9    Here, Steward prevailed on his § 1983 and Bane Act claims against Deputy West based on
10   the July 12, 2017 altercation, and was unsuccessful on his other claims either at summary judgment
11   or at trial.  The Court finds that a 50% reduction in the lodestar reflects plaintiff's limited success,
12   while also accounting for the fact that the successful claims against Deputy West were factually
13   intertwined with many of the unsuccessful claims, including:  Steward's *Monell* claim that
14   inadequate training led to the constitutional violations; his claim that Graham gave him a "rough
15   ride" after the altercation (raising questions of whether Steward's injuries were caused by the
16   altercation, the ride, or both); and claims that he suffered negative consequences of being labeled
17   the aggressor in the fight by West, such as witness intimidation and punitive rehousing decisions by
18   defendant Alvarez, defamation by defendant Le in a television interview after the incident, and
19   intimidation and harassment by defendant Internal Affairs investigator Valle.  Under these
20   circumstances, the Court finds it appropriate to significantly reduce the fees sought, but not by the
21   80% proposed by defendant.

22   The Court is not persuaded by defendants' contention that the fees should be further reduced
23   because Steward did not recover significant monetary damages.  As an initial matter, the Court notes
24   that at trial Steward did not request a particular dollar amount in damages, and the Court could have
25   awarded nominal damages.  Based on the evidence of Steward's injuries and continuing headaches,
26   the Court awarded him compensatory damages of $10,000.  The Court awarded punitive damages
27   of $1,000 based upon its finding that "Deputy West's actions, particularly his decision to disregard
28   his training of contraband searches and repeatedly striking plaintiff in the head with a pepper spray

United States District Court
Northern District of California

can, to be either reckless or callous disregard of, or indifference to, the rights or safety of plaintiff Aaron Steward" and that West's actions "were a shocking abuse of power." Dkt. No. 135 at 10.

Moreover, "the dollar amount lawyers recover for their clients is not the sole measure of the results the prevailing parties' attorneys obtained." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209-10 (9th Cir. 2013). "Attorneys who win a civil rights claim not only benefit their client in terms of the amount of money they recover, they also confer benefits on others throughout society by, for example, ending institutional civil rights abuses or clarifying standards of constitutional conduct." *Id.* at 1210. "Even in cases seeking only monetary relief, 'a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damage awards.' Therefore, it is inappropriate for a district court to reduce a fee award below the lodestar simply because the damages obtained are small." *Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).

The Court is not persuaded by defendants' remaining challenges to plaintiff's fee request. This case was factually and legally complicated and involved extensive discovery, and the Court finds the case was not overstaffed. At trial (this Court's first zoom trial with live testimony during the COVID pandemic), plaintiff's counsel ably navigated numerous logistical challenges, including in presenting remote testimony from multiple incarcerated witnesses. Finally, the Court finds that the declarations of counsel as well as that of Mr. Pearl support the reasonableness of counsel's rates.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court GRANTS IN PART plaintiff's motion for attorneys' fees and awards $180,117.50 in fees.

**IT IS SO ORDERED**.

Dated: January 10, 2022

SUSAN ILLSTON
United States District Judge